Stan E. CRAFTON, Plaintiff–Appellee,

v.

BLAINE LARSEN FARMS, INC.,
Defendant–Appellant.

**Stan E. Crafton, Plaintiff–Appellant,**

v.

**Blaine Larsen Farms, Inc.,
Defendant–Appellee.**

Nos. 06–35445, 06–35980.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 14, 2007.

James D. Holman, Thomsen & Stephens, Idaho Falls, ID, for Plaintiff–Appellee.

Michael D. Gaffney, Esq., Beard St. Clair Gaffney McNamara Calder, PA, Idaho Falls, ID, for Defendant–Appellant.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Plaintiff Stan Crafton sued Defendant Blaine Larsen Farms, Inc., for breach of contract after his employment ended. Defendant timely appeals from a judgment in Plaintiff's favor for more than $400,000, and Plaintiff timely cross-appeals with respect to attorney fees.

1. We review de novo the district court's application of Idaho law in this diversity case, *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1010 (9th Cir. 2004), and likewise review de novo the grant of partial summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). The district court correctly ruled that, as a matter of Idaho law, Defendant breached Plaintiff's written employment contract when it significantly impaired an agreed benefit. The contract promised Plaintiff a particular position for a term of five years. Defendant admitted that Plaintiff was removed from that position just seven months into the term of the contract. A material change in duties or a significant reduction in rank constitutes a breach of contract under Idaho law. *Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 778 P.2d 744, 748–49 (1989), *modified on other grounds by Sorensen v. Comm Tek, Inc.*, 118 Idaho 664, 799 P.2d 70, 75 (1990).

2. We review for abuse of discretion the district court's denial of Defendant's motions to amend its admissions. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). We find no abuse of discretion because the proposed revisions to the matters admitted could have had no legal effect on the outcome. In addition, Defendant knew or should have known all the facts at the outset, as the questions concerned its own actions.

3. We review de novo the legal standard applied by the district court to decide attorney fees and review for abuse of discretion the amount of an award. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir.2005). Idaho Rule of Civil Procedure 54 governs the award of fees in this diversity action. The district court did not err in determining that Plaintiff and Defendant each prevailed in part. The district court correctly examined the many issues in the case and the extent to which each party prevailed upon each issue. *See Lettunich v. Lettunich*, 141 Idaho 425, 111 P.3d 110, 119–20 (2005) ("[I]n deciding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

whether a party was the prevailing one ... the focus is properly directed at the criteria enumerated in [Rule] 54(d)(1)(B).''); *see also* Rule 54(d)(1)(B) (''The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part....''). In addition, the district court did not abuse its discretion in its calculation of the amount of attorney fees. The court's ''decision was one of discretion and the judge acted within the outer boundaries of his discretion, reaching the decision by an exercise of reason. This decision will not be disturbed on appeal.'' *Carter v. Carter,* 143 Idaho 373, 146 P.3d 639, 648 (2006).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.